UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TAYLOR JR. : | |
|     Petitioner, : | |
| : | |
| v. : | No. 22-cv-5054 |
| : | |
| BERNADETTE MASON, *et al.*, : | |
|     Respondents. : | |

**O R D E R**

**AND NOW**, this 4th day of April, 2024, after a de novo review of Frank Taylor Jr.'s petition for writ of habeas corpus, ECF No. 1; the Commonwealth's response in opposition, ECF No. 16; the Report and Recommendation ("R&R") of Magistrate Judge Carol Sandra Moore Wells, ECF No. 18; and the objections to the R&R, ECF No. 22, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation, ECF No. 18, is **APPROVED and ADOPTED**;[1]

2. The objections, ECF No. 22, to the Report and Recommendation are **OVERRULED**;

---

[1] When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1).

3. The petition for writ of habeas corpus, ECF No. 1, is **DENIED and DISMISSED with prejudice**;

4. There is no basis for the issuance of a certificate of appealability;

5. The Motion to Appoint Counsel, ECF No. 27, is **DENIED**[2]; and

6. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] Prisoners do not have a constitutional or statutory right to appointment of counsel beyond their first appeal as of right. *See Pennsylvania. v. Finley*, 481 U.S. 551, 555 (1987); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). In its discretion, however, the Court may grant counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, the court's first consideration is whether the petitioner has presented a nonfrivolous claim. *See Reese*, 946 F.2d at 263-64; *see also Shelton v. Hollingsworth*, No. CIV.A. 15-1249 JBS, 2015 WL 5116851 at *2 (D.N.J. Aug. 31, 2015) (discussing additional factors the Court should consider in deciding whether to appoint counsel).

Having considered the relevant factors, the Court denies the Motion. Here, the Magistrate Judge recommended that Taylor's habeas petition be dismissed as patently time-barred. *See* R&R, ECF No. 18. After review, this Court adopts and approves the Magistrate Judge's Report and Recommendation and finds that there is no basis for the issuance of a certificate of appealability. Accordingly, because the claim is frivolous, the request for appointment of counsel is denied.