UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK TAYLOR JR.<br>　　　Petitioner,<br><br>　　　v.<br><br>BERNADETTE MASON, *et al.*,<br>　　　Respondents. | :<br>:<br>:<br>:　No. 22-cv-5054<br>:<br>:<br>:<br>: |

**O P I N I O N**
**Petitioner's Motion to Appoint Counsel, ECF No. 33 - Denied**
**Petitioner's Motion Pursuant to Rule 60(b), ECF No. 34 - Denied**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　**February 18, 2025**
**United States District Judge**

I. **INTRODUCTION & BACKGROUND**

　　Before the Court is a Rule 60(b) Motion in which Petitioner asks that this Court reopen his habeas proceedings. The Court need not restate the state-court proceedings or the factual basis of the underlying conviction as both are set forth in the Report & Recommendation ("R&R") prepared by Magistrate Judge Carol Sandra Moore Wells as adopted by this Court. *See* ECF Nos. 18, 28. The Court does note that on December 16, 2022, Frank Taylor, Jr. filed a Petition for Writ of Habeas Corpus. In that Petition, Taylor brought claims for ineffective assistance of counsel. *See* ECF No. 1.

　　In the R&R filed on November 1, 2023, Magistrate Judge Wells recommended that the Petition be dismissed without an evidentiary hearing because the claims were untimely and not subject to any statutory or equitable tolling. Taylor filed objections to the R&R on November 17, 2023, *see* ECF No. 22, and, following a *de novo* review, the Court approved and adopted the R&R. *See* ECF No. 28.

On October 28, 2024, Taylor filed a Motion to Reopen Time to File an Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). *See* ECF No. 31. The same was denied by the Court in an Order entered on November 20, 2024. *See* ECF No. 32. On December 26, 2024, Taylor filed the instant Motion for Relief Under Rule 60(b) of the Federal Rules of Civil Procedure and Motion to Appoint Counsel. *See* ECF Nos. 33, 34. For the reasons that follow, both are denied.

## II.   LEGAL STANDARD

**Motions under Rule 60 of the Federal Rules of Civil Procedure – Review of Applicable Law**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The

movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 WL 55176 *——, 1999 U.S. Dist. LEXIS 562 *5 (E.D. Pa. 1999).

"[C]ase law emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *See United States v. Brown*, No. 99-730, 2013 WL 3742444, at *6, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013); *see also United States v. Vas*, 255 F. Supp. 3d 598, 603 (E.D. Pa. 2017) ("A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it."). In determining whether a Motion is properly classified as a second or successive petition, the court must ascertain whether it advances a "claim." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).

### III.    ANALYSIS

#### A.    Rule 60(B) Motion

Although Taylor presents this Motion under Rule 60(b), it is in fact a second or successive habeas petition because it "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. Taylor's Motion seeks to strike the Order denying habeas relief and "reopen the proceedings pursuant to Federal Rule of Civil Procedure 60(b)(1) & (6)." As grounds for relief, Taylor cites the same facts and legal theories underlying the ineffective assistance of counsel claims brought in his original petition as well as the same mental health circumstances he previously averred entitled him to equitable tolling. *See* ECF No. 34 at ¶ 5. This is, in substance, a "claim" for habeas relief and a second or successive habeas petition. *See United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 2987160, at *2 (M.D.

Pa. July 13, 2017) (reasoning that a Rule 60(b) motion will be treated as a second or successive habeas application "if in substance it presents a claim for relief from the criminal judgment."); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir. 2013) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir.1999)) ("a claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments ... [or] proved by different factual allegations.'") Further, because the claim in this second or successive habeas corpus application was already presented in a prior application, it must be dismissed. *See* 28 U.S.C. § 2244(b)(1); *see also Baker v. SCI Rockview*, No. 21-CV-3216, 2024 WL 3497896 at *2 (E.D. Pa. July 19, 2024) (dismissing a Rule 60(b) motion under Section 2244(b)(1) for advancing the same claim brought in a prior habeas petition). Finally, because Taylor has not received authorization from the Court of Appeals to file another federal habeas petition, the Court lacks jurisdiction over his claims. *See* 28 U.S.C. § 2244(b)(3).

      **B.**      **Motion to Appoint Counsel**

Taylor also seeks appointment of counsel. *See* ECF No. 33. Prisoners do not have a constitutional or statutory right to appointment of counsel beyond their first appeal as of right. *See Pennsylvania. v. Finley*, 481 U.S. 551, 555 (1987); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). In its discretion, however, the Court may grant counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, the court's first consideration is whether the petitioner has presented a nonfrivolous claim. *See Reese*, 946 F.2d at 263-64; *see also Shelton v. Hollingsworth*, No. CIV.A. 15-1249 JBS, 2015 WL 5116851 at *2 (D.N.J. Aug. 31, 2015) (discussing additional factors the Court should consider in deciding whether to appoint counsel). For the above noted reasons, the Court declines to appoint counsel as the Motion is meritless.

## IV.     CONCLUSION

Although Taylor brings this Motion under Rule 60(b), it is in fact a second or successive habeas petition.  Since Taylor's claim was already presented in his prior application, the Court must dismiss it.  A certificate of appealability shall not issue as reasonable jurists would not find it debatable whether this Court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge